UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSUKASA AKIMOTO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 22-mc-80056-DMR<br><br>**ORDER ON EX PARTE APPLICATION FOR ISSUANCE OF AN ORDER UNDER 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Petitioner Tsukasa Akimoto filed an ex parte application seeking permission to issue subpoenas pursuant to 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings.[1] [Docket No. 1.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). Having considered the papers and the relevant legal authority, the court grants the application.

I.    **BACKGROUND**

Akimoto filed this application seeking discovery in aid of a foreign criminal proceeding in Japan. Akimoto is a former member of Japan's House of Representatives and served as State Minister of Land, Infrastructure, Transport and Tourism and State Minister of the Cabinet Office in 2017 and 2018. [Docket No. 1-1 (Shirai Decl., Feb. 24, 2022) ¶ 4.] He recently was convicted of several counts of bribery in Tokyo District Court. One of the charges against Akimoto was based on his acceptance of a 3 million yen bribe from two representatives of a Chinese company.

---

[1] This is the second section 1782 application filed by Akimoto. *See In re Ex Parte Application of Tsukasa Akimoto*, No. 21-mc-80287-SVK (N.D. Cal., filed on Dec. 6, 2021). The Honorable Susan van Keulen denied the first application without prejudice on February 15, 2022 on the ground that the proposed subpoenas "suffer[ed] from inadequately defined terms that infect[ed] the requests and the topics employing them." [Docket No. 4.] Specifically, she found that the terms "account" and "device" were "inadequately defined" and that requests and topics using those terms "fail as so vague and ambiguous as to be irrelevant," and that requests and topics that did not use those terms were "fatally overbroad because they do not relate to [Akimoto's] specific account and device at issue in his appeal." *Id*. at 7-8.

*Id.* at ¶ 5. According to Tetsu Shirai, Akimoto's defense counsel, the prosecutor alleged that Akimoto accepted the bribe from the two individuals at a meeting at Akimoto's office at around 1:30 p.m. on September 28, 2017. Akimoto denies this allegation and claims that he was not in his office at that time "and thus it was impossible for him to receive the [b]ribe." *Id.* at ¶ 6. During the criminal proceeding, Akimoto presented step count data from his Apple iPhone's Health app that he argued "showed that he could not have been at" his office at the relevant time. *Id.* However, the Tokyo District Court concluded that the data did not "have sufficient evidentiary value" because Akimoto failed to present evidence regarding "the operating principles, detailed operating conditions, and the degree of accuracy of the" Health app. *Id.* [*See* Docket No. 1-2 (Reynolds Decl., Dec. 6, 2021) ¶¶ 2, 3, Exs. A (judgment in Japanese), B (English translation).]

Akimoto filed an application to appeal the conviction on September 7, 2021. Shirai Decl. ¶ 7; Reynolds Decl. ¶¶ 3, 4, Exs. C (application of appeal in Japanese), D (English translation). Akimoto now seeks leave to issue subpoenas to Apple Inc. ("Apple") for testimony and documents related to location data for Akimoto's iPhone and/or Apple ID on September 28, 2017; how the iPhone Health app operates; and other information regarding how the iPhone and/or Apple's apps collected step counts and other data and the accuracy of such data. [Docket Nos. 1-5, 1-6 (Proposed Subpoenas).] Shirai contends that the information requested by the subpoenas "will be conclusive" as to Akimoto's whereabouts on the date and time in question and refute the prosecution's assertion about his acceptance of the bribe. Shirai Decl. ¶¶ 9, 10.

**II.     LEGAL STANDARD**

Akimoto seeks discovery pursuant to 28 U.S.C. § 1782, which provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of section 1782 is "to provide federal-court assistance in the

2

gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" (citation and quotations omitted)).

A district court is authorized to grant a section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a "foreign or international tribunal," and (3) the application is made by the foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246-47; *In re Republic of Ecuador*, No. C-10-80255-CRB (EMC), 2010 WL 3702427, *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so." *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a Section 1782 request: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

### III.   DISCUSSION

#### A. Authority to Issue Subpoena

The court determines that Akimoto's application satisfies the statutory requirements of section 1782. Apple's principal place of business is in Cupertino, California, which is in this district. *See IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (noting that "Apple resides in" the Northern District for purposes of section 1782). The requested

discovery is for use in an ongoing criminal proceeding in Japan. Shirai Decl. ¶ 7. Finally, Akimoto qualifies as an "interested" party, since he is the defendant in the criminal proceeding and is pursuing the appeal of his conviction. *See id.*

### B. Discretionary Factors

Having concluded that it has the statutory authority to issue the subpoenas pursuant to section 1782, the court turns to the four discretionary *Intel* factors.

When the party from whom discovery is sought is not a participant in the foreign proceeding, the first factor weighs in favor of granting the application. *See Intel*, 542 U.S. at 264. As the Court explained:

> [W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

*Id.* (internal quotations and citations omitted). Here, Apple is not a party to the criminal proceedings in Japan. Shirai Decl. ¶ 12. The first factor thus weighs in favor of granting leave to issue the subpoena.

As to the nature and receptivity of the foreign tribunal, there is no indication that Japanese courts would not be willing to consider the information sought by the requested discovery. As noted, the Tokyo District Court considered Akimoto's step count data and concluded that it lacked "sufficient evidentiary value." Reynolds Decl. Ex. B. It also noted that there were "multiple inconsistencies between the app data and" Akimoto's movements and found that the data "does not correctly reflect" Akimoto's movements. *Id.* Despite the court's skepticism of the data and Akimoto's arguments, nothing in the record before this court indicates that the Tokyo District Court would be unwilling to consider information obtained via the requested subpoenas. Moreover, Shirai states that Akimoto is allowed to present new evidence on appeal. Shirai Decl. ¶ 13. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re: Ex*

*Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (quotation and citation omitted). The second factor also supports issuance of the subpoena.

With respect to the third discretionary factor, nothing in the record suggests that Akimoto is attempting to circumvent foreign proof-gathering restrictions. *See* Shirai Decl. ¶ 14. Therefore, this factor also weighs in favor of granting the application.

The fourth factor examines whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information," *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016), and such "requests may be rejected or trimmed." *Intel*, 542 U.S. at 265.

Akimoto's proposed subpoena for documents defines "account" as the Apple ID relating to, in connection with, or associated with the email address peoplekun@aol.com, which Akimoto states is his email address and the address he has used with his Apple ID account and iPhone at all relevant times since 2015. [Docket Nos. 1-5 (Proposed Subpoena for Documents), 1-3 (Akimoto Decl., Feb 24, 2022) ¶ 5.] The proposed subpoena defines "device" as Akimoto's Apple iPhone device and provides the software version, model name, model number, and serial number of the device. Proposed Subpoena for Documents; Akimoto Decl. ¶ 4, Ex. A. Akimoto states that he has owned this device at all relevant times. Akimoto Decl. ¶ 4. All but one of the eight Request for Productions ("RFPs," Nos. 1-2, 4-8) seek documents related to Akimoto's specific Apple ID account and device at issue in his appeal. This discovery is appropriately tailored to documents and information related to the location data for Akimoto's iPhone and/or Apple ID on September 28, 2017; how the Health app operates; and other information regarding how the iPhone and/or Apple's apps collected step counts and other data and the accuracy of such data.

However, RFP No. 3 requests documents "showing the duration that Apple retains location data of Apple's users." Akimoto does not explain the relevance of this request, particularly since he also asks for documents "showing the duration that Apple retains location data of [his own]

5

ACCOUNT and/or DEVICE." Accordingly, the court strikes RFP No. 3 from the subpoena. *See Intel*, 542 U.S. at 265. Akimoto's proposed subpoena for testimony uses the same definitions of "account" and "device" as the proposed subpoena for documents. [Docket No. 1-6 (Proposed Subpoena for Testimony).] Each of the seven topics listed are appropriately tailored to seek information related to Akimoto's specific account and device at issue in his appeal.

These findings do not preclude Apple from contesting the subpoena. The Ninth Circuit has held that applications for subpoenas pursuant to section 1782 may be filed ex parte because "[t]he witnesses can . . . raise[ ] objections and exercise[ ] their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976). Apple shall have 30 calendar days from the date of service of the subpoenas to file any motions in this court to contest them. The return date on the subpoenas must be set at least 30 days after service.

## IV. CONCLUSION

For the foregoing reasons, the court grants in part Akimoto's application. Akimoto may serve a finalized version of the subpoenas attached to the application but must remove RFP No. 3. The subpoenas must include a return date at least thirty days after service to allow Apple to contest the subpoenas if it desires. Akimoto must also serve a copy of this order on Apple at the same time as the subpoenas.

**IT IS SO ORDERED.**

Dated: April 19, 2022



Donna M. Ryu
United States Magistrate Judge